UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEON'DRE TOWNSEND,

        Petitioner,

v.                                        Case No. 20-cv-465-pp

STATE OF WISCONSIN COURTS,

        Respondent.

---

**ORDER DENYING *HABEAS* PETITION (DKT. NO. 1), DENYING AS MOOT MOTIONS TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NOS. 4, 6), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

        On March 23, 2020, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his pretrial detention in the Milwaukee County Jail on charges of first-degree intentional homicide as a party to a crime and armed robbery as a party to a crime. Dkt. No. 1; State v. Townsend, Milwaukee County Case No. 19CF004749 (available at https://wcca.wicourts.gov). A week later, the petitioner filed a motion for leave to proceed without prepaying the $5.00 filing fee. Dkt. No. 4. On April 17, 2020, the petitioner filed a second motion for leave to proceed without prepaying the filing fee. Dkt. No. 6. The petitioner is not eligible for *habeas* relief. The court will deny the petition, deny the motions for leave to proceed without prepaying the filing fee as moot and dismiss the case.

1

## I. Background

The petition refers to "DA CASE #19CF004749." Dkt. No. 1 at 1. The court has reviewed the public docket for that case. See State v. Townsend, Milwaukee County Case No. 19CF004749 (available at https://wcca.wicourts.gov). The docket shows that on October 25, 2019, the District Attorney's Office filed a complaint against the petitioner. Id. As of April 14, 2021, the first-degree intentional homicide and armed robbery charges remain pending, with a motion hearing scheduled for April 21, 2021 and a jury trial scheduled to begin on May 17, 2021. Id. The docket shows that as of March 24, 2021, the petitioner remained in custody pending trial. Id. The Milwaukee County Jail inmate locator shows that the petitioner remains in custody at that facility. http://www.inmatesearch.mkesheriff.org/ (last visited April 14, 2021).

## II. Rule 4 Screening

### A. Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613 at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a state pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent extraordinary circumstances. See, *e.g.*, Olsson v. O'Malley, 352 Fed. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

Exceptional circumstances exist where irreparable damage would occur, such as cases involving prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is "generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B.  Analysis

The petition asserts four grounds for relief: (1) "Warrantless Arrest, Illegal Search and Seizure," (2) the police report did not contain sufficient facts, (3) "No present Endorsement on CR-215 Form and no present P-94, and violation of '48 hour law,'" and (4) "Illegal Detention/False Imprisonment" Dkt. No. 1 at 6-7.

The court must dismiss the petition for several reasons. First, the state court criminal proceedings are ongoing. The petitioner still has what the United

3

States Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)). This federal court cannot interfere with the ongoing state criminal proceedings. The petitioner has not described any extraordinary circumstances. He has the ability to address his concerns in state court—in the state court proceedings, he may file a motion to suppress evidence or quash his arrest, challenge the sufficiency of the evidence by having a jury trial and/or seek release from custody.

Second, the federal *habeas* petition is premature. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). The petitioner has unsuccessfully raised several motions in the trial court. State v. Townsend, Milwaukee County Case No. 19CF004749 (available at https://wcca.

4

Case 2:20-cv-00465-PP   Filed 04/15/21   Page 4 of 6   Document 10

wicourts.gov). He has not, however, presented any of the claims he raises in this federal petition to the court of appeals or sought review of any court of appeals decision in the Wisconsin Supreme Court. The petitioner has not exhausted his state remedies, which is required before seeking *habeas* relief in federal court.

Nor does the petition name the appropriate respondent. Under 28 U.S.C. §2242, a person who files a §2241 petition must name as the respondent "the person who has custody over [him]." The petitioner names "State of Wisconsin Courts" as the respondent. Dkt. No. 1 at 1. The petitioner is in custody at the Milwaukee County Jail. The person who has custody over him is the Milwaukee County Sheriff.

For all these reasons, the court must dismiss the petition.

### III. Motions to Proceed Without Prepaying the Filing Fee (Dkt. Nos. 4, 6)

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner has twice asked the court to allow him to proceed without prepaying that fee. Dkt. Nos. 4, 6. Because the court is dismissing the case, it will deny the motions as moot.

### IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

## V. Conclusion

The court **DENIES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DENIES AS MOOT** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 4.

The court **DENIES AS MOOT** the petitioner's second motion to proceed without prepaying the filing fee. Dkt. No. 6.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 15th day of April, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**